IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FREDDIE WILLIS,<br><br>               Plaintiff,<br><br>vs.<br><br>THE CITY OF OMAHA NEBRASKA, OPD,<br><br>               Defendant. | 8:21CV40<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a state prisoner, filed his pro se Complaint (Filing 1) on February 3, 2021, and has been granted leave to proceed in forma pauperis ("IFP"). Now that Plaintiff has paid the required initial partial filing fee, the court conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges that on May 9, 2017, he was beaten by 15 or more Omaha police officers, which resulted in him being hospitalized for 9 days with collapsed lungs, kidney damage, and other serious injuries. Plaintiff alleges he complied with the officers' demands by lying face-down on the ground with his hands behind his back, but was kicked in the head several times, tased 8 times, and otherwise assaulted even while handcuffed.[1] He asks the court "to subpoena the body cam" and "to filed assault of OPD in uniform and hate crime because I'm black." (Filing 1, p. 3.) Plaintiff has also filed a supplemental pleading (Filing 7) in which he complains he

---

[1] Plaintiff previously asserted this claim in a lawsuit that was filed by counsel in the District Court of Douglas County, Nebraska, and removed to federal court by the City of Omaha. *See Willis v. City of Omaha*, Case No. 8:19CV211 (D. Neb.). That case was dismissed without prejudice for lack of prosecution on July 17, 2020.

2

was arrested on August 26, 2020, and charged with several crimes he did not commit. He claims police harassment, and seeks dismissal of the criminal charges.

## III. ANALYSIS

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Named as Defendants in this action are the City of Omaha, Nebraska, and OPD (the Omaha Police Department). OPD must be dismissed as a defendant because it is not a suable entity. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law).

Plaintiff apparently wants criminal charges filed against OPD or its officers, but he is not entitled to such relief under § 1983.[2] *See Ray v. Dep't of Justice,* 508 F.Supp. 724, 725 (E.D.Mo.1981) ("It is well settled that initiation of federal criminal prosecution is a discretionary decision within the Executive Branch not subject to

---

[2] Plaintiff also wants the court to subpoena body cam video footage. If this case proceeds to service of process, the court will enter a progression order and Plaintiff will then be able to conduct discovery on his own in accordance with the Federal Rules of Civil Procedure. *See* General Order No. 2020-1 (Filing 3, ¶¶ 17, 18); *see also* Memorandum and Order entered March 2, 2021 (Filing 12). To the extent this request for relief in Plaintiff's Complaint may be construed as a motion for discovery, it is denied.

3

judicial compulsion.") (collecting cases). However, Plaintiff might be able pursue a claim for damages against the City of Omaha.

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against the City of Omaha, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, the Complaint fails to state a claim upon which relief can be granted because Plaintiff does not allege that a policy or custom of the City of Omaha caused the violation of his rights in connection with the May 9, 2017 incident.[3] However,

---

[3] The Fourth Amendment right to be free from unreasonable searches and seizures protects against the use of excessive force in the apprehension or detention

4

the court will give Plaintiff leave to file an amended complaint to allege truthful facts pointing to such a municipal policy or custom. In addition, or in the alternative, Plaintiff may name the individual officers who were involved as Defendants, and seek to hold them personally liable for his injuries. In order to do so, however, Plaintiff must specify in the amended complaint that the officers are sued in their individual capacities.[4]

Regarding Plaintiff's August 26, 2020 arrest, the court takes judicial notice that the criminal charges against Plaintiff are still pending. *See State v. Freddie L. Willis*, Case No. CR-20-3328, in the District Court of Douglas County, Nebraska.[5] Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords

---

of a person. *Graham v. Conner*, 490 U.S. 386, 395 (1989). When evaluating a Fourth Amendment excessive force claim under § 1983, the court considers "whether the amount of force used was objectively reasonable under the particular circumstances." *Kohorst v. Smith,* 968 F.3d 871, 876 (8th Cir. 2020) (quoting *Michael v. Trevena*, 899 F.3d 528, 532 (8th Cir. 2018)). The objective reasonableness of an officer's conduct when arresting a suspect depends on the facts and circumstances of the specific case, including "the crime's severity, the suspect's dangerousness, and the likelihood that the suspect will flee." *Rohrbough v. Hall*, 586 F.3d 582, 587 (8th Cir. 2009) (citing *Graham*, 490 U.S. at 394). "A court may also evaluate the extent of the suspect's injuries." *Id.* at 586. "An officer's use of force violates the Fourth Amendment when it is objectively unreasonable, given the facts and circumstances of the particular case, as 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Chambers v. Pennycook*, 641 F.3d 898, 905–06 (8th Cir. 2011) (quoting *Graham*, 490 U.S. at 396-97).

[4] "Because section 1983 liability exposes public servants to civil liability and damages, [the Eighth Circuit] ha[s] held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citations omitted).

[5] The state court records are available at https://www.nebraska.gov/justice.

5

an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there initially. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. D. Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). Because the plaintiff is involved in ongoing state criminal proceedings where he necessarily will be allowed to challenge the validity of the charges against him, and because he has not presented facts which would require this court to intervene, *Younger* abstention is appropriate.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is therefore subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. However, Plaintiff shall have 30 days in which to file an amended complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for discovery (Filing 1) is denied without prejudice.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

6

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A in the event he files an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **May 6, 2021**—amended complaint due.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 6th day of April, 2021.

                        BY THE COURT:

                        *Richard G. Kopf*

                        Richard G. Kopf
                        Senior United States District Judge