IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FREDDIE WILLIS, | 8:21CV40 |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| THE CITY OF OMAHA NEBRASKA, | |
| Defendant. | |

Plaintiff, a state prisoner, filed his pro se Complaint (Filing 1) on February 3, 2021, and was granted leave to proceed in forma pauperis ("IFP"). The matter is now before the court for initial review of Plaintiff's Third Amended Complaint, which was filed on July 19, 2021 (Filing 28).

I. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to

plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF THIRD AMENDED COMPLAINT

Plaintiff claims he was beaten by 15 white Omaha police officers who entered his house without a warrant on May 9, 2017.[1] Plaintiff alleges that after the officers entered his house, he obeyed their instructions by laying down on his stomach and allowing himself to be handcuffed, but the officers then brutally attacked him while saying "die nigger." Plaintiff does not identify any of the officers by name, but alleges Does #1-8 were members of the gang unit, including two supervisors, and Does #9-15 were uniformed officers, also including one supervisor. As to each officer, Plaintiff alleges:

- Doe #1, a supervisor of the gang unit, handcuffed Plaintiff before kicking him, choking him, and tasing him over 8 times.
- Doe #2 choked and kicked Plaintiff.

---

[1] Plaintiff previously asserted this claim in a lawsuit that was filed by counsel in the District Court of Douglas County, Nebraska, and removed to federal court by the City of Omaha. *See Willis v. City of Omaha*, Case No. 8:19CV211 (D. Neb.). That case was dismissed without prejudice for lack of prosecution on July 17, 2020.

- Doe #3 stomped on Plaintiff's head several times.
- Doe #4 punched Plaintiff several times.
- Doe #5 kicked Plaintiff in the head.
- Doe #6 punched Plaintiff several times.
- Doe #7 tased Plaintiff.
- Doe #8, another gang unit supervisor, kicked and tased Plaintiff.
- Doe #9 beat Plaintiff's head.
- Doe #10 kicked Plaintiff and jumped on his head.
- Doe #11 tased, choked, and kicked Plaintiff.
- Doe #12 punched Plaintiff.
- Doe #13 kicked Plaintiff.
- Doe #14, a supervisor, stomped on Plaintiff's head.
- Does #15 kicked Plaintiff with big boots.

Plaintiff alleges the beating resulted in him being hospitalized for 12 days with a concussion, collapsed lungs, kidney damage, cuts on his wrist, and bruising to various parts of his body.

Plaintiff also complains about another incident on June 12, 2020, when police allegedly conducted a warrantless, manual search of his anal cavity while he was in the hospital as a stabbing victim.

### III. ANALYSIS

Liberally construing Plaintiff's Third Amended Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

With respect to the May 9, 2017 incident, the court construes the Third Amended Complaint as alleging a Fourth Amendment excessive force claim, and

also Fourteenth Amendment claim arising under the Equal Protection Clause. With respect to the June 12, 2020 incident, the court construes the Third Amended Complaint as claiming police violated Plaintiff's Fourth Amendment rights by conducting a search without a warrant and in an unreasonable manner.

The title in the caption of the Third Amended Complaint only lists the City of Omaha as Defendant, but Plaintiff refers to Does #1-15 as Defendants in the body of the pleading. However, because it is not alleged that Does #1-15 are sued in their individual capacities, the court must be presume they are sued only in their official capacities. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Claims alleged against these officers are therefore redundant of claims alleged against the City of Omaha. Consequently, Does #1-15 will not be listed on the court's docket sheet as additional Defendants. *See King v. City of Crestwood*, 899 F.3d 643, 650 (8th Cir. 2018) ("[A] suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named.").

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against the City of Omaha, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that

4

plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

"When a complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right. Moreover, such a holding would disregard the liberality of Fed. R. Civ. P. 8(a)(2) which requires merely 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 8(f), which states 'pleadings shall be so construed as to do substantial justice.' Thus, the failure … to specifically plead the existence of an unconstitutional policy or custom, in itself, is not fatal to [a plaintiff's] claim for relief." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). However, a plaintiff's "failure to include any 'allegations, reference, or language by which one could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom' renders the complaint deficient." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe*, 340 F.3d at 614).

Plaintiff alleges in conclusory terms that the officers used excessive force and discriminated against him on May 9, 2017, as the result of an official policy or unofficial custom of the City of Omaha. (Filing 28, p. 3.) He also references a failure to train or supervise. (Filing 28, p. 1.) Plaintiff does not allege any facts to support these allegations, but at least there is "language by which one could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom." *Doe*, 340 F.3d at 614; *Crumpley-Patterson*, 388 F.3d at 591. The court therefore will allow Plaintiff's claims regarding the May 9, 2017 incident to proceed to service of process against the City.

However, regarding the June 12, 2020 warrantless search of Plaintiff's anal cavity, it is not alleged that the officer involved was acting pursuant to an official policy or unofficial custom of the City of Omaha, nor can it reasonably be inferred

5

from the facts alleged that the officer was so acting. Plaintiff allegation that he was a victim of "racial profiling" (Filing 28-1, p. 2), by itself, is not a sufficient basis for imposing liability on the City. This claim therefore will be dismissed without prejudice to refiling.

## IV. CONCLUSION

Plaintiff's Third Amended Complaint is marginally sufficient to pass initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, and will proceed to service of process against the City of Omaha on Plaintiff's claims that his rights under the Fourth and Fourteenth Amendments were violated on May 9, 2017, when Omaha police officers are alleged to have violently attacked him with discriminatory intent.

IT IS THEREFORE ORDERED:

1. This action will proceed to service of process against the City of Omaha on Plaintiff's claims that his rights under the Fourth and Fourteenth Amendments were violated on May 9, 2017, when Omaha police officers are alleged to have violently attacked him with discriminatory intent.

2. All other claims alleged in the Third Amended Complaint are dismissed without prejudice.

3. All claims against unknown "Doe" Defendants are dismissed without prejudice, as redundant of claims against the City of Omaha.

4. For service of process on Defendant City of Omaha, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant using the address "City of Omaha, Attn: City Clerk, 1819 Farnam Street, Omaha NE 68183," and forward them together with a copy of the Third Amended Complaint (Filing 28) and a copy of this Memorandum and Order to the Marshals Service.

5. **The Marshals Service shall serve Defendant City of Omaha at City of Omaha, Attn: City Clerk, 1819 Farnam Street, Omaha NE 68183**. Service may

be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service upon the chief executive officer or clerk of the City of Omaha. *See* Fed. R. Civ. P. 4(j)(2); Neb. Rev. Stat. § 25-510.02.[2]

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 10th day of September 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory) ); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).